# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Randy Evan Smith,                                            Civil No. 10-4341 (DWF/JJG)

           Plaintiff,

v.                                                                       **MEMORANDUM**
                                                                             **OPINION AND ORDER**

Chase Manhattan Bank, USA, and JPMorgan
Chase Bank,

           Defendants.

_____

Bryan R. Battina, Esq., Battina Law, PLLC, counsel for Plaintiff.

Calvin P. Hoffman, Esq., and Marc D. Simpson, Esq., Leonard Street and Deinard, PA, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Enjoin Sheriff Sale and Toll Redemption Period and Defendants' Motion to Dismiss. For the reasons set forth below, the Court denies Plaintiff's motion and grants Defendants' motion.

## BACKGROUND

In 2005, Plaintiff purchased real property located at 1455 Oak Ridge Circle, Monticello, Minnesota (the "Property"). On January 24, 2005, Plaintiff obtained a mortgage (the "Mortgage") with Chase Manhattan Bank USA, N.A. ("Chase Manhattan") in the amount of $202,400. (Aff. of Matthew H. Jones ("Jones Aff.") ¶ 14,

Ex. H.)[1] The Mortgage was recorded on February 14, 2005 in the Wright County Recorder's Office. (*Id*.) On December 10, 2009, Chase Manhattan assigned the Mortgage to JPMorgan Chase Bank, N.A. ("JPMorgan Chase"). (*Id*. ¶ 15, Ex. I.) The assignment was recorded on December 17, 2009 in the Wright County Recorder's Office.

Plaintiff failed to make monthly payments and defaulted on the Mortgage. JPMorgan Chase foreclosed on the Mortgage via advertisement pursuant to Minn. Stat. § 580. A sheriff's sale was held on September 21, 2010. (*Id*. ¶ 12, Ex. G.) JPMorgan Chase was the highest bidder at the sale and the redemption period was set to expire on October 26, 2010. On October 22, 2010, Plaintiff commenced this action *pro se* against Defendants. Plaintiff moves to enjoin the sheriff's sale. Defendants jointly move to dismiss all of Plaintiff's claims.[2]

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory

---

[1] The Court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[2] A decision on the present motions was delayed because the parties were close to settling this case. Ultimately, the parties did not settle this matter and the Court therefore issues this Order.

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. *Pro se* complaints are to be liberally construed, but still must contain specific facts supporting its conclusions. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff alleges five counts against Defendants: Unlawful Foreclosure; Probable Violations of the Truth in Lending Act ("TILA"); Probable Violations of the Fair Debt Collections Procedure Act ("FDCPA"); Probable Violations of Real Estate Settlement Procedures Act ("RESPA"); and Probable Violations of the

Home Ownership and Equity Protection Act ("HOEPA"). Plaintiff has since obtained counsel and has agreed to the dismissal of his TILA claim without prejudice and waives his FDCPA claim. Thus, Plaintiff proceeds only on his unlawful foreclosure and RESPA claim.[3] The Court will address each claim below.

## I. Unlawful Foreclosure

Plaintiff alleges that there was an invalid foreclosure because Defendants did not provide the proof requested by Plaintiff of debt owed and copies of loan documents. Plaintiff argues that if Defendants cannot produce the original mortgage and note, then Defendants lack standing to foreclose on Plaintiff's mortgage. Defendants assert that this assertion is legally incorrect and that the public record establishes that the foreclosure was valid.

Here, JPMorgan Chase holds a sheriff's certificate of sale for the Property that was executed by the Wright County Sheriff's Office. This constitutes *prima facie* evidence that all requirements of law for a valid foreclosure sale have been complied with. *See, e.g., Dixon v. Deutsche Bank Nat'l Trust Co.*, Civil No. 06-2858, 2008 WL 4151835, at *5 (D. Minn. Sept. 3, 2008). Plaintiff does not allege any facts that would rebut the validity of the sheriff's certificate.

Plaintiff asserts that if Defendants cannot produce the original mortgage and note, they lack standing to foreclose on Plaintiff's mortgage and the foreclosure sale must be

---

[3] Plaintiff does not address his HOEPA claim. The Court dismisses this claim without prejudice along with Plaintiffs' TILA claim.

set aside.  This is not correct.  The foreclosure statutes do not require production of the original note at any point during a foreclosure proceeding.  *See Stein v. Chase Home Fin.*, Civ. No. 09-1995, 2010 WL 4736828, at *3 (D. Minn. Aug. 13, 2010) (report and recommendation describing the "show me the note" foreclosure defense and gathering cases rejecting the defense).  Instead, Minn. Stat. § 580.02(3) requires that the Mortgage and all assignments have been recorded prior to foreclosure by advertisement.  Here, the Mortgage was recorded on February 14, 2005, in the Wright County Recorder's Office.  Further, the Assignment of Mortgage to JPMorgan Chase was recorded on December 17, 2009, in the Wright County Recorder's Office.  Both of these dates precede the foreclosure by advertisement.  Plaintiff has failed to allege any facts to dispute these dates.

For the above reasons, Plaintiff's theory underlying his assertion of unlawful foreclosure fails to state a claim upon which relief can be granted, and the Court dismisses Plaintiff's unlawful foreclosure claim.

## II.     RESPA

Plaintiff also asserts a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*  In his Complaint, Plaintiff alleges that Defendants failed to comply with or respond to a qualified written request ("QWR") under RESPA.  Defendants assert that Plaintiff's RESPA claim fails because Plaintiff never sent Defendants a valid QWR and because Plaintiff has failed to adequately allege damages under RESPA.

5

RESPA requires that when "a servicer of a federally related mortgage loan receives a [QWR] from the borrower . . . for information related to servicing of such loan, the servicer shall provide a written response acknowledging receipt within 20 days . . . ." 12 U.S.C. § 2605(e)(1)(A).

According to Plaintiff's Complaint, Plaintiff sent JPMorgan Chase a "Presentment Letter" on July 14, 2010. (Compl., Ex. A.) In this letter, Plaintiff identifies his name, address, and mortgage account number. (*Id*.) Plaintiff also raises "questions and concerns as to the validity of the lien rights of the third party participant in the mortgage liens." (*Id*.) In addition, Plaintiff demanded to see the original mortgage note; the title page showing whether the mortgage had been satisfied; proof that JPMorgan Chase is the current legal title holder in due course to the property; a "certified copy of the actual accounting where [JPMorgan Chase] incurred a log of an alleged debt, and/or evidence that [JPMorgan Chase] actually loaned money incurring any liability or gave anything of value for this mortgage"; a certified invoice for the final outstanding amount owed by Plaintiff; and the return of all profits made off the sale of the mortgage. (*Id*.) In the letter, Plaintiff states that if he did not receive the requested information within three days, he could "only conclude that the claim on this property by JP MORGAN CHASE BANK is not valid and is unenforceable, and that . . . JP MORGAN CHASE BANK, already sold the original note in an asset based security pool and failed to give credit [Plaintiff's account]." (*Id*.)

6

The parties dispute whether the July 14, 2010 letter constitutes a QWR. A QWR is a:

> written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the buyer; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Based on the allegations in the Complaint and the attached purported QWR, the Court concludes that Plaintiff's July 14, 2010 letter does not constitute a QWR. The July 14, 2010, letter does not identify any purported errors in Plaintiff's account or ask questions related to JPMorgan Chase's servicing of the loan.[4] Plaintiff's July 14, 2010, letter did not address JPMorgan Chase's receipt or application of Plaintiff's payments. Instead, Plaintiff questions the validity of the mortgage liens and JPMorgan Chase's legal status as to the mortgage. Plaintiff also makes a series of demands and requests that lie outside the scope of RESPA, such as demands for the original mortgage note and other documents, accounting and invoices related to the Mortgage, and "return of all profits made off the sale of [Plaintiffs'] mortgage." (Compl., Ex. A.)

---

[4] "Servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

In addition, even reading Plaintiff's Complaint liberally, Plaintiff fails to adequately plead damages caused by the alleged failure to respond to the purported QWR.  Plaintiff has not alleged any facts to show that the Defendants' failure to respond to the purported QWR caused Plaintiff harm.  Nothing in the Complaint suggests that Plaintiff needed any of the information requested in the letter in order to make payments or to redeem the property.  Thus the Complaint fails to state facts that would show that any damage to Plaintiff was attributable to Defendant's lack of response.

For the above reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted and that Plaintiffs' Complaint is properly dismissed.  Because Plaintiff has failed to state a claim, Plaintiff's motion to enjoin the sheriff's sale is properly denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Enjoin Sheriff Sale and Toll Redemption Period (Doc. No. [2]) is **DENIED**.

2. Defendants' Motion to Dismiss (Doc. No. [13]) is **GRANTED**.

3. Plaintiffs Complaint (Doc. No. [1]) is **DISMISSED** as follows:

    a. Counts Two and Five are **DISMISSED WITHOUT PREJUDICE.**

    b. Counts One, Three, and Four are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 6, 2011                              s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge